# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EZEKIEL DAVIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **No. CIV 08-449-JHP-SPS** |
| ) | |
| **MARTY SIRMONS, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On December 1, 2008, plaintiff, an inmate incarcerated at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, filed this action pursuant to 42 U.S.C. § 1983 [Docket #1]. The complaint alleged he was initiating the action on behalf of himself and other OSP inmates, pursuant to *Williams v. Saffle*, No. CIV 72-095-JHP, a closed civil rights case filed by Bobby Battle. Plaintiff was directed by minute order to file a proper amended complaint on the court's form within 15 days, and he was advised that the "*Battle*" case had been closed for all purposes, and all injunctions in that case had been dissolved [Docket #3]. Plaintiff also was directed to pay the filing fee for this action or to file a proper motion for leave to proceed *in forma pauperis* by December 22, 2008 [Docket #4]. Plaintiff further was advised that his failure to follow the court's directions could result in dismissal of this action [Docket #3 and #4].

On December 10, 2008, plaintiff filed a motion for extension of time to file an amended complaint and motion to proceed *in forma pauperis*, alleging his access to the prison law library had been restricted [Docket #5]. The court granted him an additional 20

days to file an amended complaint and an *in forma pauperis* motion, and advised him that the court's amended complaint form and form for filing a motion for leave to proceed *in forma pauperis* do not require citation to legal authorities [Docket #6]. On December 30, 2008, plaintiff filed a motion for an additional extension of time until March 15, 2009, to file his amended complaint, stating he needed the additional time to exhaust the administrative remedies for his claims [Docket #7].

Initially, plaintiff apparently is attempting to file an action on behalf of himself and other OSP inmates. It is well-settled that "a section 1983 claim must be based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). Therefore, the court only can consider claims arising from alleged violations of plaintiff's personal rights.

The court also notes that plaintiff clearly is alleging he has not exhausted his administrative remedies, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997(e) requires a prisoner to exhaust his administrative remedies before bringing suit; it does not allow him to exhaust his remedies after the lawsuit has been initiated. Therefore, it would be improper for the court to grant plaintiff an extension of time to exhaust his administrative remedies in this case.

**ACCORDINGLY,** plaintiff's motion for extension of time to file an amended complaint [Docket #7] is DENIED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with the court's orders to pay the filing fee or file a proper motion for leave to proceed *in forma pauperis*, and for his failure to file a proper amended complaint, as directed by the court.

**IT IS SO ORDERED** this 12th day of January 2009.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma